UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRETT JOHNSON,

              Plaintiff,

-against-

NEW YORK CITY; SGT. ZEFF BLACER,
SHIELD # 58617; BAREBURGERS;
PINKBERRY'S; A.D.A. SHANE BUTLAND,
LEGAL AID SOCIETY; LAMONT MILLER;
18B PANEL; ADAM FREEDMAN; ERIC
CHRISTENSEN; THE STATE OF NEW
YORK,

              Defendants.

23-CV-8976 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction, alleging that Defendants violated his rights under the "IV amendment, V amendment, VI amendment, [and] XIV amendment." (ECF No. 1 at 2.) He further alleges that "all of my civil rights were violated." (*Id.*) By order dated October 18, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action alleging that he was detained and arrested "without warrant or reason." (ECF No. 1 at 7.) He alleges that the actions giving rise to his claims "occur[r]ed under indictment #4721/2016." *(Id.* at 5.) Plaintiff asserts that because of Defendant Blacer's unlawful

detention and arrest, Plaintiff "was forced to unjustly spend over six years in prison being stripped and mauled."[1] (*Id.* at 7.)

He alleges further that Defendant Eric Christensen, who was an employee of Bareburgers, together with other employees from the store, followed Plaintiff down the block and called the police on Plaintiff, accusing him of giving a counterfeit bill to the Pinkberry's store. Plaintiff also alleges that Defendants Assistant District Attorney Shane Butland, Supreme Court Justices Jill Konvisor and Abraham Clott, Legal Aid attorney Lamont Miller, and 18B Panel attorney Adam Freedman "did knowingly and willingly obstruct justice in [his] case."[2] (*Id.* at 9.) Plaintiff asserts that he requested that Justice Konvisor replace Defendant Miller with Defendant Freedman, as the attorney in Plaintiff's criminal case. (*Id.* at 10.)

Plaintiff asserts that, although he was arrested for using a counterfeit bill at Pinkberry's, no one from Pinkberry's testified before the Grand Jury, but instead, Defendant Christensen, who is employed by Bareburgers, testified before the Grand Jury. He seeks to hold the Legal Aid Society and the 18B Panel responsible for failing to adequately represent him, leading to his conviction and imprisonment. Plaintiff also seeks to bring claims against Pinkberry's because he asserts that a Pinkberry's employee, Mark Lyons, made false statements against him at trial. He seeks monetary damages in the total amount of $47 million. According to DOCCS' records, Plaintiff was convicted of two counts of criminal possession of a forged instrument in the first

---

[1] Plaintiff does not name as Defendants any prison officials, and other than stating conclusorily that he was "stripped and mauled," he does not detail what happened to him while he was incarcerated. Instead, he names the State of New York as a Defendant for failing "in its obligation to maintain the safety of one of it[s] maximum facilit[ies] namely Greenhaven Correctional Facility." (ECF No. 1 at 13.)

[2] Plaintiff does not name Justices Konvisor and Clott as Defendants, but instead seeks relief for their actions by asserting claims against the City of New York and the State of New York. (ECF No. 1 at 11.)

degree and one count of tampering with physical evidence, and he was sentenced to an indeterminate sentence of three to six years' imprisonment. *See* https://nysdoccslookup.doccs.ny.gov/[https://perma.cc/4TB3-BFXM] (last visited July 1, 2024).

## DISCUSSION

### A.    Municipal Liability

Plaintiff's claim against the City of New York must be dismissed. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, the practice constitutes a custom or usage of which a supervising policy-maker must have been

aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Here, Plaintiff does not allege any facts suggesting that the City of New York has a policy, custom, or practice that caused the alleged deprivation of his rights. His claim against this Defendant must therefore be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Eleventh Amendment Immunity

Plaintiff's claims against the State of New York must also be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . .." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

### C.    Judicial Immunity

To the extent that Plaintiff seeks to assert claims against New York State Supreme Court Justices Jill Konvisor and Abraham Clott, these claims must also be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial

responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . .." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff has not alleged any facts showing that Justices Konvisor and Clott acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues these Defendants for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Justices Konvisor and Clott because they seek monetary relief against Defendants who are immune from such claims for relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

6

**D.    Prosecutorial Immunity**

The Court also dismisses Plaintiff's claim against Assistant District Attorney Shane Butland. Prosecutors are immune from civil suit for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see Imbler* 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claim under Section 1983 for damages against this Defendant arise from his criminal prosecution of Plaintiff. Plaintiff's conclusory assertions of bad faith and bias are insufficient to demonstrate that Defendant Butland is not entitled to immunity. The Court therefore dismisses the claim against this Defendant under the doctrine of prosecutorial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in forma pauperis* statute).

### E.    Private Defendants

Plaintiff's claims against attorneys Lamont Miller and Adam Freedman, Pinkberry's, and Bareburgers must also be dismissed. A claim for relief under Section 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of [Section} 1983).

Because attorneys Lamont Miller and Adam Freedman, Pinkberry's, and Bareburgers are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these Defendants under Section 1983.

**F.      Unlawful Imprisonment Claim**

Plaintiff brings a claim under Section 1983 that he was unlawfully imprisoned.

The United States Supreme Court has determined:

> that a state prisoner's [Section] 1983 action is barred (absent prior invalidation) –
> no matter the relief sought (damages or equitable relief), no matter the target of
> the prisoner's suit (state conduct leading to conviction or internal prison
> proceedings) – *if* success in that action would necessarily demonstrate the
> invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original). In order to recover damages

for an allegedly unconstitutional conviction or imprisonment, a Section 1983 plaintiff must prove

that the conviction or sentence has been overturned or otherwise invalidated. *Heck v. Humphrey*,

512 U.S. 477, 486-87 (1994).

Here, because success on Plaintiff's claims would necessarily imply the invalidity of his

conviction – and he does not assert that his conviction has been overturned or otherwise

invalidated – *Heck*'s favorable termination rule bars the Section 1983 claim for damages and

equitable relief. *See, e.g.*, *Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7

(E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for

violation of his right to a fair trial is not cognizable under Section 1983."). The Court therefore

dismisses Plaintiff's unlawful imprisonment claim arising from his prosecution in New York

County, New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**G.     *Habeas Corpus* Relief**

Section 1983 is not the proper vehicle for challenging the validity of Plaintiff's

conviction. Plaintiff can only obtain such relief by bringing a petition for a writ of *habeas corpus*

under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v.*

*Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)).

The Court declines to construe this Section 1983 complaint as a *habeas corpus* petition because the complaint does not suggest that Plaintiff has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[3] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by challenging his conviction in a civil action. *Preiser*, 411 U.S. at 489-90.

Should Plaintiff seek to challenge his conviction, he may file a petition for a writ of *habeas corpus*, in the appropriate district court once all available state remedies have been exhausted.[4]

**H.      State-Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

---

[3] Plaintiff should note that, under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a Section 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

[4] Because Plaintiff was convicted in New York County, any *habeas corpus* petition Plaintiff wishes to file concerning his conviction should be filed in this District. *See* 28 U.S.C. § 112(b).

10

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

claims over which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367

'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances

in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of*

*Surgeons*, 522 U.S. 156, 173 (1997)).

## I.      Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff

may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

11

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    July 22, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                   Chief United States District Judge